IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| MEDMARC CASUALTY INSURANCE COMPANY § § § | |
| V. § | No.  5:06CV95 |
| § | |
| BART C. CRAYTOR and CAROLYN SUE MILLER § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Medmarc Casualty Insurance Company's Motion to Dismiss Carolyn Sue Miller's Counterclaim (Docket Entry # 14) was referred to the Honorable Caroline M. Craven for the purpose of making a report and recommendation. The Court, having reviewed the motion and the response, recommends Medmarc's motion to dismiss be **GRANTED**.

**I.**

**BACKGROUND**

This case arises out of a legal malpractice claim asserted by Carolyn Miller ("Miller") against Bart Craytor ("Craytor"). Miller sought representation from Craytor regarding an April 19, 2001 automobile accident. Craytor failed to obtained service of summons on any of the defendants by August 5, 2004, and Miller's suit was dismissed with prejudice as the three-year statute of limitations had lapsed. The legal malpractice lawsuit was resolved when the parties entered into a consent judgment in the amount of $175,000. Medmarc Casualty Insurance Company ("Medmarc") denied coverage to Craytor for the lawsuit and subsequent consent judgment because Medmarc contends

that the express provisions of the Medmarc policies exclude coverage for Craytor's alleged legal malpractice. Medmarc now seeks a declaration from this Court that it does not owe indemnity to Craytor and/or Miller for the consent judgment.

## II.

## MEDMARC'S MOTION TO DISMISS

**A.    Arguments**

Medmarc moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Miller's counterclaim for failure to state a claim upon which relief can be granted. Miller contends that Craytor was covered under an attorney malpractice insurance policy with Medmarc at the time of Miller's loss and that she is entitled to recover directly from Medmarc pursuant to Arkansas Code Annotated Section 23-89-101 (2006).[1]  According to Medmarc, Section 23-89-101 does not apply if the policy of insurance in question was neither issued or delivered in Arkansas. In addition,

---

[1] Section 23-89-101 provides as follows:

> (a) Any policy of insurance issued or delivered in this state indemnifying any person against any actual money loss sustained by the person for damages inflicted upon the property or person of another shall contain a provision that the injured person, or his or her personal representative, shall be subrogated to the right of the insured named in the policy.
>
> (b) The policy shall also contain a provision that the injured person, or his or her personal representative, whether the provision is actually inserted in the policy or not, may maintain a direct cause of action against the insurer issuing the policy for the amount of the judgment rendered against the insured, not exceeding the amount of the policy, provided the judgment remains unsatisfied at the expiration o thirty (30) days from the serving of notice of entry of judgment upon the attorney for the named insurer or upon the insured or upon the insurer.

Medmarc states the consent judgment was filed by the United States District Court for the Western District of Arkansas on May 24, 2006. According to Medmarc, even if the direct action statute applied in this case, the statute would allow recovery only if "the judgment remains unsatisfied at the expiration of thirty (30) days from the serving of entry of judgment upon the attorney for the named insured or upon the insured or upon the insurer." ARK. CODE ANN. §23-89-101. Medmarc asserts, as of the date of its motion to dismiss, the required thirty days had not expired.

**B.     Response**

In response, Miller admits that the Arkansas direct action statute is inapplicable in this case. However, Miller asserts that she is permitted to establish that as a result of Medmarc's joining Miller as a party to this declaratory judgment action, Miller is entitled to establish and prove that Bart C. Craytor was covered with an attorney malpractice insurance policy with Medmarc at the time of Miller's loss so that Medmarc will be required to satisfy Miller's judgment. Miller requests that she be permitted to establish and prove that Bart C. Craytor was covered under an attorney malpractice insurance policy with Medmarc at the time of Miller's loss and that, therefore, Medmarc is liable to pay Miller's judgment against Bart C. Craytor.

### III.

### APPLICABLE STANDARD

FED. R. CIV. P. 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant.

*Capital Parks, Inc. v. Southeastern Advertising and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir.1994). A court need not, however, accept as true allegations that are conclusory in nature. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982).

## IV.

## DISCUSSION

Section 23-89-101 does not apply if the policy of insurance in question was neither issued or delivered in Arkansas. *See Equity Fire & Cas. Ins. Co. v. Coleman*, 928 S.W.2d 796, 797 (Ark. 1996). Here, Medmarc issued a claims-made professional liability policy to Grimes & Craytor, located at 8 Woodmont Crossing, Texarkana, Texas 75503, under policy number 03APTX01116, effective September 16, 2003 to September 16, 2004 ("the Grimes Policy"). Medmarc also issued a claims-made professional liability policy to Bart C. Craytor located at 5331 Summerhill Road, Texarkana, Texas 75503 under policy number 04APTX01730, effective August 17, 2004 to August 17, 2005 ("the Craytor Policy"). Defendant Craytor admits in his answer that both the Grimes Policy and the Craytor policy were issued and delivered in Texarkana, Texas. Miller also acknowledges the Arkansas direct action statute does not apply, presumably because neither policy was issued or delivered in the state of Arkansas and/or because the required thirty days has not expired as urged by Medmarc. The Court recommends Medmarc's motion be granted and that Miller's counterclaim be dismissed. Based on the foregoing, it is

**RECOMMENDED** that Medmarc Casualty Insurance Company's Motion to Dismiss Carolyn Sue Miller's Counterclaim (Docket Entry # 14) be **GRANTED**. It is further

**RECOMMENDED** that Miller's counterclaim be **DISMISSED**.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A.

636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 6th day of October, 2006.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE